# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 10 C 60 |
| | ) | |
| SIDNEY DOVE, individually, and | ) | |
| d/b/a Sid's Tax, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on two motions submitted by Plaintiff the United States of America ("the Government"). The Government moves for the entry of summary judgment on Count I of the Complaint pursuant to Fed. R. Civ. P. 56. The Government also asks for a permanent injunction against Defendant Sidney Dove, individually, and doing business as Sid's Tax, pursuant to 26 U.S.C. § 7407. For the reasons set forth below, the motions are granted.

## BACKGROUND[1]

---

[1] On October 28, 2010, the Government sent Dove a statement advising him of the required procedures for answering their motion for summary judgment pursuant to Local Rule 56.2. Despite Dove's receipt of this notice, he did not submit a response to the Government's statement of facts or a statement of facts of his own. The Seventh Circuit Court of Appeals has "consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith v. Lamz*, 321 F.3d 680, 683 (7th

Defendant Sidney Dove ("Dove") operated a business, Sid's Tax, out of his home in Joliet, Illinois. Dove prepared or assisted in the preparation of federal income tax returns for others in return for monetary compensation. Dove prepared nearly 330 federal income tax returns in 2008, 263 returns in 2009, and 95 returns in 2010.

Dove was recently the subject of an investigation by the Internal Revenue Service ("IRS"). The IRS examined 79 of the returns Dove prepared and assessed additional tax for all but one of those tax returns.[2] As a consequence of its limited examination of the returns Dove prepared, the IRS assessed an additional $610,000 in taxes. The IRS' investigation revealed a pattern of overstatement of charitable contributions, employee business expenses, and Schedule C expenses on the examined returns. The IRS also sent an undercover special agent to Dove's place of business. Dove prepared a return for the undercover agent which included education credits that the agent would not have been entitled to under the tax code.

Dove later described some of his tax preparation practices during a preliminary injunction hearing. Dove testified that he routinely deducted 10% of a client's income

Cir. 2003). While courts must construe pro se pleadings liberally, Dove's unrepresented status does not absolve him from complying with Local Rule 56.1. *See Greer v. Bd. of Ed. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001). As Dove has neglected to submit a response in compliance with Local Rule 56.1, by operation of the rule all facts asserted by the Government are admitted.

[2] One improperly prepared return resulted in the refund of $33 to the taxpayer.

as a charitable contribution without determining whether his customer had documentation to support such a deduction. Dove also stated that he prepared a return for a customer in which he improperly reported various deductions for a piece of investment property that the customer never used as rental property. Dove also testified that he would report whatever information his customers told him without requesting any documents to support their oral representations.

The Government instituted this action against Dove on January 6, 2010. Count I of the Complaint alleges that Dove prepared income tax returns which understated the taxpayer's liability in violation of 26 U.S.C. § 6694. On March 23, 2010, we held a preliminary injunction hearing and granted the Government's motion for a preliminary injunction against Dove precluding him from preparing 2009 tax returns for the duration of the filing season. The Government now moves for summary judgment under Fed. R. Civ. P. 56 and for a permanent injunction against Dove pursuant to 26 U.S.C. § 7407.[3]

## LEGAL STANDARDS

### I.    Motion For Summary Judgment Pursuant To Fed. R. Civ. P. 56

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[3] The Government has also requested preliminary injunction under 26 U.S.C. § 7402 and a permanent injunction pursuant to 26 U.S.C. § 7408. As a result of our conclusion that the Government is entitled to an injunction under 26 U.S.C. § 7407, we need not address the Government's alternative grounds for injunctive relief.

a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## II.    Motion For Permanent Injunction Under 26 U.S.C. § 7407

When a party requests an injunction which is explicitly authorized by statute, courts refrain from using the standard permanent injunction test and instead determine whether the moving party has established that the statutory conditions for injunctive relief are present. *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975). To enjoin an individual from acting as a tax preparer pursuant to section 7407, the Government must show that: (1) the defendant is an "income tax return preparer" within the meaning of 26 U.S.C. § 7701(a)(36); (2) the defendant continually or repeatedly engaged in conduct described in 26 U.S.C. § 7407(b)(1)(A)-(D); and (3) an injunction prohibiting such conduct would not be sufficient to prevent that person's further

interference with the proper administration of the tax code. *See* 26 U.S.C. § 7407(b)(2);

*United States v. Reddy*, 500 F. Supp. 2d 877, 882 (N.D. Ill. 2007).

## DISCUSSION

We will discuss the Government's motion for summary judgment first before

turning to its motion for a permanent injunction.

## I.    Motion For Summary Judgment As To Count I

The Government asks that we grant summary judgment in its favor on Count I

because no genuine issues of fact exist regarding whether Dove violated 26 U.S.C.

§ 6694. To demonstrate an individual's liability under section 6694, the Government

must show that: (1) the individual qualified as an "income tax preparer" as defined in

26 U.S.C. § 7701(a)(36); (2) a tax return prepared by the individual contained an

understatement of tax liability due to a position for which there was not a realistic

possibility of being sustained on the merits; (3) the individual knew (or reasonably

should have known) of such position; and (4) such position was not disclosed pursuant

to section 6662(d)(2)(B)(ii) and was not frivolous. 26 U.S.C. § 6694(a)(1)-(3).

The undisputed facts demonstrate that Dove violated 26 U.S.C. § 6694. From

2008 until 2010, Dove acted as an "income tax preparer" as that term is defined by the

Internal Revenue Code in that he prepared hundreds of income tax returns in exchange

for compensation. 26 U.S.C. § 7701(a)(36). Dove prepared a number of returns that

significantly understated the taxpayer's liability because of positions that had no

possibility of being sustained on the merits. For example, Dove habitually deducted 10% of his clients' income as charitable donations without ensuring whether the taxpayer had any documents to support the deduction. Additionally, the record contains no evidence to suggest that Dove disclosed the positions in a manner authorized by the tax code or that the positions could be considered frivolous. In the absence of disputes regarding Dove's repeated preparation of returns with unrealistic positions, we find the Government is entitled to summary judgment as to Count I.

## II.  Motion For Permanent Injunction Pursuant To 26 U.S.C. § 7407

The Government also moves for a permanent injunction against Dove prohibiting him from acting as an income tax preparer. To enjoin an individual from acting as a tax preparer pursuant to section 7407, the Government must show that: (1) the defendant is an "income tax return preparer" within the meaning of 26 U.S.C. § 7701(a)(36); (2) the defendant continually or repeatedly engaged in any of the conduct described in 26 U.S.C. § 7407(b)(1)(A)-(D); and (3) an injunction prohibiting such conduct would not be sufficient to prevent that person's further interference with the proper administration of the tax code. We have already concluded that Dove may be classified as an income tax preparer because he operated a business in which he prepared returns for other taxpayers in exchange for money. The court also finds that Dove repeatedly committed one of the improper tax preparation practices listed in 26 U.S.C. § 7404(b)(1)(A)-(D). Specifically, Dove prepared dozens of returns over the

course of three years that understated the taxpayer's liability and contained assertions

that had little chance of being sustained on the merits in violation of 26 U.S.C. § 6694.

Finally, we find that the circumstances surrounding Dove's conduct in this case

show that an injunction prohibiting further violations of the tax code would be

insufficient to prevent his continued interference with the tax code. In assessing the

likelihood of an individual's future violations of the Internal Revenue Code, a court

should examine the totality of the circumstances, including factors as:

> the gravity of harm caused by the offense; the extent of the defendant's
> participation and his degree of scienter; the isolated or recurrent nature of
> the infraction and the likelihood that the defendant's customary business
> activities might again involve him in such transaction; the defendant's
> recognition of his own culpability; and the sincerity of his assurances
> against future violations.

*United States v. Kaun*, 827 F.2d 1144, 1149-50 (7th Cir. 1987) (quoting *SEC v.*

*Holschuh*, 694 F.2d 130, 144 (7th Cir. 1982). The IRS' limited investigation into

Dove's tax practices revealed that he had prepared 78 returns which understated his

customers' tax liability by $610,000. Dove knowingly violated section 6694 on a

number of occasions by asserting positions on returns that had little chance of surviving

scrutiny and deliberately refusing to obtain documents to determine the validity of his

customers' contentions. *See United States v. Nobles*, 69 F.3d 172, 185 (7th Cir. 1995)

("It is well settled that willful blindness or conscious avoidance is the legal equivalent

to knowledge[]"). Additionally, Dove has submitted a document to the court indicating

that he desires to continue preparing tax returns for others. Dove's continuous and

knowing violations of the tax laws over the last three years and his stated intention to continue preparing tax returns in the future demonstrates the need for the Government's requested relief in this case. Accordingly, the motion for a permanent injunction under 26 U.S.C. § 7407 is granted.

## CONCLUSION

The Government's motion for summary judgment is granted. The Government's motion for permanent injunction is granted.

## PERMANENT INJUNCTION

Upon Plaintiff United States of America's Motion for Permanent Injunction against Defendant Sidney Dove, it is hereby:

**ORDERED** that Defendant Sidney Dove, individually or doing business as Sid's Tax, or any other name or using any other entity is permanently enjoined from directly or indirectly acting as income tax return preparers and are hereby prohibited from preparing, filing, or assisting in the preparing and filing of federal income tax returns, amended returns, or other related forms and documents on behalf of any person other than himself;

**ORDERED** that Defendant Sidney Dove, individually or doing business as Sid's Tax, or any other name or using any other entity is permanently enjoined from advising, assisting, counseling, or instructing anyone about the preparation of a federal tax return;

**ORDERED** that Defendant Sidney Dove prepare and provide counsel for the United States of America a list of everyone for whom he has prepared (or helped to prepare) a federal income tax return since January 1, 2006, and set forth on said list all of the names, addresses, e-mail addresses, telephone numbers, and Social Security numbers within fifteen (15) days of the entry of this order;

**ORDERED** that Defendant Sidney Dove shall mail or otherwise deliver a copy of this Permanent Injunction and the Memorandum Opinion and Order to all customers for whom he has prepared federal income tax returns or assisted in the preparation of their federal income tax returns, on or before February 28, 2011. By March 4, 2011, Defendant Dove shall file with this Court - and serve upon Plaintiff - an affidavit stating, under penalty of perjury, that he has fully complied with this Order. In that affidavit, Defendant Dove shall specifically name the clients to whom he has mailed or otherwise delivered a copy of this Permanent Injunction and the Memorandum Opinion and Order.

Charles P. Kocoras
United States District Judge

Dated:  January 26, 2011